JUDGE PHILIP MARTINEZ

FILED
2007 JUN 26 AM 9:58
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | § | |
|---|---|---|
| JOHN W. EADS | § | |
| Plaintiff, | § | Case No.: _____ |
| | § | |
| v. | § | |
| | § | COMPLAINT AND JURY |
| WOLPOFF & ABRAMSON, LLP | § | DEMAND |
| | § | |
| Defendants | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

EP07CA0229

Plaintiff, JOHN W. EADS ("Eads") brings suit against Defendant WOLPOFF & ABRAMSON, LLP ("WOLPOFF"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations.

### A.   JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in El Paso County, Texas.

1

3.  Plaintiff is an individual who resides at 424 South FM 1110, Clint, TX, El Paso County.

4.  Wolpoff & Abramson, LLP ("Wolpoff") is a limited liability partnership organized under the laws of the District of Columbia whose principle address is 702 King Farm Boulevard, Rockville, MD 20850. It may be served through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201.

5.  The Court has jurisdiction over Defendant Wolpoff, a nonresident. Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the F.D.C.P.A. and that constituted a tort, and said actions form the basis of this suit.

6.  All conditions precedent necessary to maintain this action have been performed or have occurred.

## B. STATEMENT OF FACTS

7.  Mr. Eads is the victim of identity theft. On March 29, 2006 Defendant WOLPOFF & ABRAMSON, LLP ("WOLPOFF") filed a "Plaintiff's Original Petition to Confirm Arbitration Award" in El Paso County District Court styled <u>MBNA America Bank, N.A. v. Johnny Eads</u>, Cause No. <u>2006-1466</u>, In the District Court, 34th Judicial District, El Paso County, Texas (hereafter "the state court action.") The suit sought to confirm a purported arbitration award for an arbitration for which Plaintiff was never notified on a debt that is the result of identity theft.

8.  Wolpoff did not serve Eads until June 28, 2006.

9.  In the Original Petition of the state court action, Wolpoff pled to a recover "the current amount of $13,397.23." This is $225.00 more than the amount of the arbitration award, $13,172.23. (The fee for filing suit in El Paso District Court is $217.00, so it may be that Wolpoff was attempting to roll in the filing fee to "the current amount" due.) Indeed, the arbitration award itself was $397.41 greater than the sum of all amounts sought by Wolpoff in its arbitration application, $12,775.09. In all, Wolpoff filed suit seeking to confirm $622.41 more than it sought in arbitration. The state court action is pending as of the date of the filing of this suit.

10. In the state court action, Wolpoff is attempting to collect a debt that is the result of identity theft, and thus is not owed by Eads. Moreover, throughout the pendancy of the 15 months of the state court action, Wolpoff has been put on notice again and again that Plaintiff does not owe the debt upon which it is seeking to collect. Again and again, Wolpoff has been put on notice that the arbitration award was void *ab initio* in that Eads never opened the account upon which he was sued, and thus never entered into an arbitration agreement; never received notice of the arbitration; never received notice of the award until the filing of the petition to confirm the arbitration award; the U.S. Postal Service did not even deliver mail to the address listed for Eads in the arbitration award; and Wolpoff did not even follow the NAF procedures for certifying by affidavit that service has been perfected on the alleged debtor. Despite being placed on notice of these facts, Wolpoff willfully continued – and to this day continues – to seek collection in the state court action of this fraudulent debt.

11. During the pendancy of this lawsuit Wolpoff directly and through its purported local counsel have bypassed Eads attorney of record and communicated directly with Mr. Eads. On

3

September 5, 2006 Wolpoff attorney Alan Lee signed a certificate of service in a motion for summary judgment that certified he had served the motion "by hand-delivering a true and correct copy [of the motion] to Johnny Eads. TRLA had filed an answer on behalf of Mr. Eads a month prior. The certificate either verifies that Wolpoff contacted Mr. Eads when it knew he was represented by counsel or, in the alternative, is a false representation to the Court. Yet again on May 23, 2007 – nine months after TRLA noticed an appearance -- Wolpoff, acting through its purported local counsel Forbes & Forbes, actually bypassed counsel for Eads again and served on Mr. Eads personally a notice of hearing on summary judgment.

12. Eads now brings these claims directly against Wolpoff for their own violations of the F.D.C.P.A., and for related claims.

### B. COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

13. Plaintiff incorporates the above statement of facts by reference.

14. Eads brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

15. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

17. The obligation alleged by Wolpoff in the El Paso state court action is a "debt" as defined

by 15 U.S.C. § 1692a(5).

18. The above statement of facts are incorporated by reference and demonstrate that WOLPOFF violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692a, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; threatening to take an act and actually taking an act prohibited by law; and contacting a consumer that it knows or has reason to know is represented by an attorney.

19. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### C. COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

20. Plaintiff incorporates the above statement of facts by reference.

21. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

22. Defendant is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

23. The obligation alleged by Wolpoff in the El Paso state court action is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

24. WOLPOFF violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the

character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

25. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. Eads also seeks a permanent injunction to prohibit WOLPOFF from again violating the debt collection statutes.

26. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas Rio Grande Legal Aid, Inc.

### D.   COUNT # 3: Tort of unfair debt collection.

27. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. <u>Duty v. General Finance Company</u>, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### E.   COUNT # 4: Equitable relief sought under the D.T.P.A.

28. Eads seeks equitable relief under the D.T.P.A., which do not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit *seeking damages* under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiff does not seek such recovery at this time. Rather, at this time, Plaintiff limits his requested D.T.P.A. equitable relief to that authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of" the D.T.P.A., § (b)(4) ("any other relief which the court deems proper,

including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state..."), and other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement and fee forfeiture. Plaintiff seeks a permanent injunction barring Wolpoff from again taking actions that form the basis of this suit. Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

29.     Wolpoff violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

30.     Wolpoff's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

31.     This petition serves as written notice of Eads's intention to amend this petition within 60 days from receipt to add claims for economic damages. Damages are estimated as the value of the work of his attorneys in the state court proceedings, estimated at this time at $10,000, plus $2,000.00 in attorney's fees.

32.     Defendant is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d). See Arthur Andersen & Co. v. Perry Equip. Corp., 945

S.W.2d 812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. McKinley v. Drozd, 685 S.W.2d 7 (Tex. 1985). Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.

33.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas RioGrande Legal Aid, Inc.

### F.     COUNT # 5: Fraud.

34.     Plaintiff incorporates the above statement of facts by reference.

35.     Wolpoff made material and false representations When Wolpoff made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Wolpoff made the representations with the intent

8

that Eads act on them. Eads in fact relied on the representations, causing his injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Eads seeks exemplary and punitive damages for these acts.

### G.   COUNT # 6: Intentional misrepresentation.

36.   Plaintiff incorporates the above statement of facts by reference.

37.   Wolpoff made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Eads relied the misrepresentations of Wolpoff and suffered harm. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Eads seeks exemplary and punitive damages for these acts.

### H.   COUNT # 7: Negligence & gross negligence, including negligent misrepresentation.

38.   Plaintiff incorporates the above statement of facts by reference.

39.   WOLPOFF owed a legal duty to Eads. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). WOLPOFF breached their legal duty, and the breach proximately

causing Eads harm. Wolpoff is also liable for negligent hiring, training, supervision or retention of competent employees and local counsel. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Eads brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Eads seeks exemplary and punitive damages for these acts.

### I. COUNT # 8: Declaratory and injunctive relief.

40. Plaintiff incorporates the above statement of facts by reference.

41. Eads seeks declaratory relief that Wolpoff committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. C.P.R.C. § 37.004(a). Eads seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas RioGrande Legal Aid, Inc.

### J. ATTORNEY'S FEES

42. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by his co-counsel with Texas RioGrande Legal Aid, Inc.

### K. JURY DEMAND.

43. Eads demands a jury trial and tenders the appropriate fee with this petition.

### L. PRAYER

44. For these reasons, Eads asks for judgment against WOLPOFF & ABRAMSON, LLP for

the following:

    i. The above referenced relief requested;

    ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).);

    iii. Actual and economic damages within the jurisdictional limits of the court;

    iv. Attorney fees for attorney Ahmad Keshavarz, not for his co-counsel with Texas RioGrande Legal Aid, Inc.

    v. Costs of court;

    vi. Exemplary and punitive damages;

    vii. Prejudgment and post-judgment interest as allowed by law;

    viii. Costs of suit;

    ix. General relief;

    x. An injunction preventing the debt collector from engaging in similar unlawful conduct now and in the future;

    xi. All other relief, in law and in equity, both special and general, to which Eads may be justly entitled.

    Respectfully submitted,

    *Ahmad Keshavarz*
    *with permission*
    Ahmad Keshavarz
    ATTORNEY IN CHARGE FOR PLAINTIFF
    State of Texas Bar Number: 24012957
    The Law Office of Ahmad Keshavarz

16 Court St., Suite 2600
Brooklyn, NY 11241-1026
Phone: (512) 494-9797
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIO GRANDE LEGAL AID, INC.

_____
Virginia M. Schramm
Co-counsel for Plaintiff
State of Texas Bar Number: 17810400
Texas RioGrande Legal Aid, Inc.
1111 North Main Street
San Antonio, TX 78212
Phone: (210) 212-3706   Fax: (210) 212-3772
Email:  vschramm@trla.org


_____
Alberto Mesta, Jr.   with permission
Co-counsel for Plaintiff
State of Texas Bar Number: 24037101
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, Texas 79901
Phone: (915) 585-5100   Fax: (915) 533-4108
Email:  AMesta@trla.org


_____
Jaime Sanchez
Co-counsel for Plaintiff
State of Texas Bar Number: 17570250
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, Texas 79901
Phone: (915) 585-5100  Fax: (915) 533-4108
Email:  JSanchez@trla.org