

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN W. EADS | § | |
|     Plaintiff | § | |
| v | § | Case No. EP 07 CA 0229 |
| | § | |
| WOLPOFF & ABRAMSON, LLP | § | |
|     Defendant | § | |

**DEFENDANT WOLPOFF & ABRAMSON, LLP'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Wolpoff & Abramson, LLP ("WOLPOFF"), through its undersigned counsel, respectfully moves for an order dismissing Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

The Plaintiff has not stated a claim upon which relief can be granted under any of the causes of actions alleged. Therefore, the Court should dismiss Plaintiff's suit.

**I.     BACKGROUND AND GENERAL ALLEGATIONS**

This case arises out of, and is inextricably intertwined with, a pending case currently on file in the 34th Judicial District Court, El Paso County, Texas, Cause No. 2006-1466 and styled <u>MBNA AMERICA BANK, N.A. vs. JOHNNY EADS</u> wherein Wolpoff, as attorneys for Plaintiff, filed a petition to enforce an arbitration award MBNA AMERICA BANK, N.A. had received against Defendant Johnny Eads in the amount of $13,172.33. (See Certified copies of Petition to Enforce Arbitration Award and Supplemental Trial Petition).   Johnny Eads was served with the Petition on June 28, 2006 and filed an answer pro se on July 20, 2006. (See certified copies of Answer filed July 20, 2006 and July 21, 2006). Thereafter, on August 4, 2006, Virginia Schramm, an attorney associated with Texas Riogrande Legal Aid, Inc, filed Defendant's First Amended Answer. (See certified copy of Amended Answer.) At no time did

Mr. Eads or his attorneys file a Motion to Vacate the Arbitration Award, to raise any defenses Mr. Eads might believe he had. (See certified copy of docket sheet). The time to file the Motion to Vacate has past. 9 U.S.C. §9, §12. On September 4, 2006, Wolpoff, acting as attorney for MBNA America Bank, N.A, filed a Motion for Summary Judgment to enforce the arbitration award, claiming that the award should be enforced as a matter of law as no Motion to Vacate was timely filed. (See Complaint filed June 26, 2007 ¶¶ 3-4 ("Compl"). The Motion for Summary Judgment was delivered by certified mail, return receipt requested, to counsel for Mr. Eads, Virginia Schramm. In the complaint, Ms. Schramm did not claim that attorneys for Eads did not receive a copy of the Motion for Summary Judgment. (*See generally* the Compl). The certificate of service attached to the Motion for Summary Judgment indicates that the Motion was also hand delivered to Mr. Eads. ( *Id* ¶¶ 3-4). The 34th Judicial District Court, El Paso County, Texas will hear the Motion for Summary Judgment on August 27, 2007.

Realizing that the limitations time had passed for Mr. Eads to properly and timely raise defenses, if any, Mr. Eads, by and through his attorneys, filed the instant suit in Federal Court naming Wolpoff, the attorneys, as the only defendant and alleging a total of eight claims. Of the eight claims, seven are state law claims; the sole federal claim is entitled "Violations of the federal Fair Debt Collection Practices Act." ( *Id* ¶¶ 4-5). Defendant has attached hereto certified copies of documents filed as Public Records in the office of the County Clerk, El Paso County, Texas in support of Defendant's Motion to Dismiss, as they are "matters of public record" which can be relied upon by the Court in its decision on Defendant's Motion. Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996).

II.  **LEGAL STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted, if the complaint clearly demonstrates that Plaintiff has not set forth the essential elements necessary to state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). The Court must accept as true all factual averments and draw reasonable inferences in favor of the non movant. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir 2002); Vines v. City of Dallas, 52 F.3d 1067 ( 5th Cir. 1995) (*not selected for publication*). Conclusory allegations, legal conclusions masquerading as factual conclusions or unwarrantted deductions of fact will not suffice to prevent a motion to dismiss. Great Plains Trust Co., 313 F.3d at 313; Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir.2000), (addressing Rule 12(b)(6) standard) (quoting Tuchman v. DSC Comm. Corp., 14 F.3d 1061, 1067 (5th Cir.1994)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of Public Record. Lovelace, 78 F.3d at 1017-18; Pension benefit Guar. Corp v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), *cert denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the Motion to Dismiss. Pension benefit Guar. Corp., 998 F.2d at 1196. Applying these standards, Plaintiff's complaint fails as a matter of law.

### III. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

**A.    Violation of the Federal Fair Debt Collection Act:**

Plaintiff has alleged three violations of the Federal Fair Debt Collection Act:

1. *Misrepresenting the character, status and amount of the debt* (15 U.S.C. §1692f(1)

The amount pled for in Plaintiff's Original Petition was supplemented to conform with the amount of the arbitration award. (Plaintiff's Supplemental Trial Petition). Wolpoff is seeking to confirm the exact amount of the arbitration award of $13,172.23. Plaintiff apparently is attempting to raise a violation of section 1692f, but Plaintiff cannot prove any set of facts that would entitle him to relief under this section for misrepresenting the amount of the debt when the Pleadings conform exactly to the amount of the award and Plaintiff's allegations contradict public documents filed in the case. (Plaintiff's Original Petition and Supplemental Trial Petition)

2. *Threatening to take an act or actually taking an act prohibited by law*

Defendant has sought to confirm an arbitration award which Plaintiff Eads never sought to vacate, modify or correct within the prescribed period of time. 9 U.S.C. §12. (*See generally* Answers and Amended Answers of Eads). At a minimum, Plaintiff admits being notified of the arbitration award on June 28, 2006 when he was served with the Petition to Confirm the Arbitration Award and it was attached thereto. ( Compl ¶ 2; Petition to Confirm Arbitration Award). Eads had three months to file a Notice to Vacate the Award and raise any defenses. 9 U.S.C. §12. He failed to do so. (Certified copy of docket sheet). Confirmation of the award is mandatory and Eads is precluded from raising any defense to the Arbitration award. <u>Piccolo v. Dain, Kalman & Quail</u>, 641 F.2d 598, 600 (8th Cir 1981); <u>Sperry Internaitonal Trade, Inc. v. Government of Israel</u>, 532 F.Supp.901 (D.C.N.Y. 1982); <u>Florasynth, Inc.v. Pickholz</u>, 750 F.2d 171, 175 (2nd Cir 1984) ("..defendant's failure to move to vacate the award within the three month time provided precludes him from later seeking that relief when a motion is made to

confirm the award."). Plaintiff cannot prove any set of facts that would entitle him to relief under the Fair Debt Collection Act for Wolpoff's acts in seeking to confirm the arbitration award. Wolpoff's conduct in seeking the confirmation of the award, after Eads and his attorneys failed to file a Motion to Vacate, Modify or Correct the award, was consistent with Wolpoff's duty to its client, MBNA AMERICA, N.A. to zealously represent its client within the bounds of the law. *V.T.C.A.*, Gov't Code, §9, Preamble.

> 3. *Contacting a consumer that it knows or has reason to know is represented by an attorney (15 U.S.C.A. 1692c)*

Texas Law requires that when a party is represented by counsel who has made an appearance, all communications must be sent to the party's attorney. Tex.R.Civ.P. rule 8, 21a. However, the rules do not prohibit service of a pleadings and/or notice of hearing on the party himself, so long as the party's duly authorized attorney is also served with a copy. Tex.R.Civ.P. Rule 21a.

In conjunction therewith, it is well settled law that delivery of pleadings in pending litigation to parties is absolutely privileged. <u>Daystar Residential Inc. v.</u> Collimer, 176 S.W.3d 24 (Tex.App–Houston [1st Dist] *affirmed*) (*citing* Hill<u> v. Herald-Post Publ'g Co.,</u> 877 S.W.2d 774, 782-84 (Tex.App.-El Paso 1994), *rev'd in part on other grounds,* 891 S.W.2d 638, 639 (Tex.1994) which confirmed the privilege as to delivery of pleadings to parties and extended the privilege even to non parties); <u>Shanks v. Allied Signal, Inc.,</u> 169 F.3d 988 (5th Cir 1999 *cert denied* 534 U.S. 1081(2002). The mere delivery of a pleading in litigation that is pending, as opposed to letters and verbal communication, cannot serve as the basis for civil liability because the privilege associated with the pleading, arising as it did in connection with a judicial proceeding and appearing on the face of the complaint, was not qualified but absolute. <u>Taliaferro</u>

v. Sims, 187 F.2d 6 (5th Cir. 1951); *See* Knox v. Taylor, 992 S.w.2d 40, 53 (Tex.App.-Houston [14th Dist.] 1999, no pet) (*holding that other materials sent to a non party along with pleadings were not within the scope of judicial privilege and these materials, not the pleadings, could provide the basis for a civil action*). Pleadings, because they are privileged, cannot be considered the same as communication such as letters. Hill 877 S.W.2d at 782-84. The parties cannot escape the effect of the exemption from suit this privilege affords. Taliaferro, 187 F.2d at 7. If Wolpoff actually sent the Motion for Summary Judgment to Eads, as alleged by Plaintiff, Wolpoff had the absolute privilege to do so and it cannot, as a matter of law, be subject to any civil liability. As such, this Motion to Dismiss must be granted because Plaintiff cannot prove any set of facts that would entitle it to relief against Wolpoff as no cause of action exits against a party (Wolpoff) who is protected by an absolute immunity.

No set of facts are raised by Plaintiff or can be raised by Plaintiff that demonstrate a violation of 15 U.S.C. 1692a, which is the definitions section of the statute. Definitions cannot be violated and no civil liability can arise therefrom. No set of facts are alleged by Plaintiff or can be raised by Plaintiff of specific instances that would demonstrate a violation of either 15 U.S.C. 1692d or 15 U.S.C. 1692g. On the contrary, as Plaintiff pled facts that precludes him from raising 15 U.S.C. 1692d as a violation. (Compl.¶¶ 2-3).

No viable claim has been stated under 15 U.S.C.A. 1692a, 1692c, 1692d, 1692e, 1692f, and/or 1692g. Absent these claims, this Court does not have an independent basis to exercise federal question jurisdiction. Therefore Plaintiff's complaint is left void of a federal claim and Plaintiff's complaint must be dismissed with prejudice for lack of subject matter jurisdiction. Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974).

B. **Violation of Texas Debt Collection Statute Tex.Fin.C. §392.001et seq:**

Plaintiff has alleged two violations of the Texas Debt Collection Statute:

1. *Misrepresenting the character, status and amount of the debt*

Defendant would incorporate paragraphs IIIA(1) above as if fully set forth herein.

2. *Threatening to take an act or actually taking an act prohibited by law*

Defendant would incorporate paragraphs IIIA(2) above as if fully set forth herein.

C. **Tort of unfair debt collection, Equitable relief under D.T.P.A., Fraud, Intentional Misrepresentation, Negligence, gross negligence including negligent misrepresentation, declaratory and injunctive relief:**

With respect to pendent state claims brought, and except in matters controlled by federal law, the federal court must apply the substantive law of the state in which it is sitting. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The Texas Supreme Court has promulgated Rules to govern the conduct of lawyers in Texas. In the preamble to those Rules, the Court stated that, as an advocate, a lawyer must zealously assert the client's position under the rules of the adversary system *V.T.C.A.* Gov't Code, §9 Preamble; Bradt v. West, 892 S.W.2d 56, 71-72 (Tex.App.- Houston [1st Dist.]1994, pet. denied.) Failure to do so may result in discipline. *V.T.C.A.*, Gov't Code §9 Rule 1.01(b)(c).

In fulfilling the duty a lawyer owes to his client, the lawyer has the right to interpose defenses and pursue legal rights that he deems necessary and proper without being subjected to liability or damages. Bradt, 892 S.W.2d at 71-72. Texas Courts have uniformly held that if a lawyer could be held liable to an opposing party for statements made or actions taken in the course of representing his client, he would be forced constantly to balance his own potential

exposure against his client's best interest. Bradt,892 S.W.2d at 71-72; Albert v. Crain, Caton & James, P.C., 178 S.W.3d 398 (Tex.App.- Houston [1st Dist.] 2005 review denied).Texas Law discourages lawsuits against opposing counsel if the lawsuit is based on the fact that counsel represented an opposing party in a judicial proceeding. Bradt v. Sebek, 14 S.W.3d 756, 766 (Tex.App.-Houston [1st Dist] 2001, pet denied); Albert 178 S.W.3d at 405. The conflict that would necessarily arise hampers the resolution of disputes through the Court system and the attainment of justice. Bradt, 892 S.W.2d at 71-72. It is well settled Texas law that a lawyer is "qualifiedly immune" from civil liability, with respect to non clients, for actions taken in connection with representing a client in litigation. Albert, 178 S.W.3d at 405; Chapman Children's Trust v. Porter & Hedges, LLP, 32 S.W.3d 429, 440-42 (Tex.App.-Houston [14th Dist] 2000 pet denied; Renfro v. Jones & Assoc., 947 S.W.2d 285, 287-88 (Tex.App.-Ft. Worth 1997, writ denied). The immunity bars all causes of action and attaches to all pleadings or other papers of the case. Bradt, 892 S.W.2d at 71-72; Rose v. First American Title Insurance Company of Texas, 907 S.W.2d 639 (Tex.App.-Corpus Christi 1995 no writ). This qualified immunity applies even if the conduct is wrongful in the context of the underlying lawsuit and even if the conduct involves wrongful communications. Renfro, 947 S.W.2d at 288. This "immunity" is not considered a "defense" to a cause of action, rather such conduct is not actionable at all in the State of Texas and cannot constitute the basis for civil action nor may it form a basis for civil liability. CEDA Corp v. City of Houston, 817 S.W.2d 846, 849 (Tex.App.-Houston [1st Dist.] 1991, writ denied); Randolph v. Walker, 29 S.w.3d 271 (Tex.App.- Houston [14 Dist] 2000 review denied); Chapman Children's Trust, 32 S.W.3d at 441. There can be no independent cause of action in Texas by a party against opposing counsel, even if the opposing counsel's conduct is frivolous and without merit if the conduct is part of the discharge of the lawyer's

duties in representing his or her client. Chapman Children's Trust, 32 S.W.3d at 441. Absent any allegation that the lawyer committed an independent tortious act or misrepresentation, independent of his or her representation of his or her client, Texas Courts have consistently and without exception, declined to expand Texas Law to allow a non-client to bring a cause of action based upon the rendition of legal services to a client. Albert, 178 S.W.3d at 405.

Defendant Wolpoff are attorneys, duly licensed to practice law in the State of Texas, and were retained by MBNA AMERICA BANK, N.A. to collect a debt owed to MBNA by Johnny Eads. Attorneys Wolpoff properly compelled arbitration in this matter and secured, on behalf of their client, an award. (*See generally* Compl). Subsequently, attorneys Wolpoff, following proper procedure in reducing the award to judgment, filed a Petition to Enforce Arbitration Award in Texas State Court. (*See generally* Compl; Petition to Enforce Arbitration Award) All conduct complained of herein, in Plaintiff Ead's complaint, arises from Wolpoff's representation of their client, MBNA AMERICA BANK during and after the arbitration process. (*See generally,* Compl).It is absolutely clear from the face of the complaint, that the conduct complained of by Plaintiff Eads that forms the basis of Counts 3 through 8 of the Complaint and Jury Demand cannot, as a matter of law, constitute the basis of a civil action, nor may it form a basis for civil liability because Wolpoff was simply acting, at all times, as an attorney pursuing its case zealously on behalf of its client. Chapman Children's Trust, 32 S.W.3d at 441. As such, Plaintiff cannot prove any set of facts that would entitle him to relief against Defendant Attorney for the tort of unfair debt collection, equitable relief under D.T.P.A., fraud, intentional misrepresentation, negligence, gross negligence including negligent misrepresentation, declaratory and/or injunctive relief because Attorney Wolpoff is immune from such actions.

    D.    **Equitable relief under D.T.P.A.:**

The D.T.P.A does not apply to a claim for damages based on the rendering of a professional service, the essence of which is the providing of advice, judgment, opinion, or similar professional skill. V.T.C.A., Bus. & C. § 17.49. A 1995 amendment to the D.T.P.A. exempted professional services from the statute. Tex. Bus. & Com.Code Ann. §§ 17.49©) (Vernon 1987 & Supp.2001). This amendment covers suits, like the instant case, filed on or after September 1, 1996. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 414, §§ 20(b), 1995 Tex. Gen. Laws 2988, 3004. The services of an attorney fall under this exemption from the statute. <u>Stafford v. Lunsford,</u> 53 S.W.3d 906 (Civ.App-Houston [1st Dist.] 2001, rehearing overruled, review denied). Because Wolpoff are attorneys who, at all times pertinent hereto, were acting in their capacity as attorneys on behalf of a client, no relief is available under the D.T.P.A.

WHEREFORE, Defendant Wolpoff & Abramson, LLP respectfully moves the Court to dismiss Plaintiff's Complaint with prejudice and for costs pursuant to Fed.R.Civ.P. 54(d), and for all other relief to which it may be entitled.

Dated: August 3, 2007

Respectfully submitted

FORBES & FORBES
Attorneys for Defendant
WOLPOFF & ABRAMSON, LLP
711 Myrtle Ave.
El Paso, Texas 79901
Telephone: 915-533-5441
Facsimile: 915-533-7441

STEWART W. FORBES
Email: swforbes@forbeslawoffice.com
State Bar No. 07223000

SUSAN M.. FORBES
Email: smforbes@forbeslawoffice.com
State Bar No. 00790704

CERTIFICATE OF SERVICE

      I certify that a copy of Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof was served on the following counsel, who are attorneys of record for Plaintiff John W. Eads on August 3, 2007 by certified mail, return receipt requested :

AHMAD KESHAVARZ
The Law Office of Ahmad Keshavarz
16 Court St., Suite 2600
Brooklyn, NY 11241-1026
512-494-9797 telephone
877-496-7809 Fax
Email: ahmad@austinconsumerattorney.com

ALBERTO MESTA, JR.
Texas Rio Grande Legal Aid, Inc.
El Paso Migrant Office
1313 Texas Ave.
El Paso, Texas 79901
915-585-5100 telephone
915-533-4108 fax
email: amesta@trla.org

JAIME SANCHEZ
Texas Rio Grande Legal Aid, Inc.
El Paso Migrant Office
1313 Texas Ave.
El Paso, Texas 79901
915-585-5100 telephone
915-533-4108 fax

VIRGINIA M. SCHRAMM
Texas Rio Grande Legal Aid, Inc.
1111 North Main Avenue
San Antonio, TX 78212
210-212-3700 telephone
210-212-3772 fax

                                                STEWART W. FORBES