

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOHN W. EADS, § | |
| Plaintiff, § | |
| § | |
| v. § | EP-07-CV-229-PRM |
| § | |
| WOLPOFF & ABRAMSON, LLP, § | |
| Defendant. § | |

## ORDER APPROVING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

On this day, the Court considered Plaintiff John W. Eads's ("Eads") "First-Amended Motion for an Award of Costs and Attorney Fees," filed on August 26, 2008; Defendant Wolpoff & Abramson, LLP's ("W&A") "Opposition to Plaintiff's Untimely Motion for Attorney Fees," filed on September 5, 2008; W&A's "Amended Opposition to Plaintiff's Untimely Motion for Attorney Fees," filed on September 6, 2008; Eads's "Reply to Defendant's Opposition to Plaintiff's First-Amended Fee Petition," filed on September 18, 2008; Eads's "Original Memorandum of Law Regarding Issue of Timeliness of First-Amended Fee Petition," filed on September 27, 2008; the "Report and Recommendation of Magistrate Judge Regarding Plaintiff's Motion for Attorney Fees" ("R&R"), entered on November 3, 2008; W&A's "Objection to [the] Report and Recommendation Regarding Plaintiff's Motion for Attorney Fees," filed on November 13, 2008; Eads's "Original Objection to [the] Report and Recommendation [of the] Magistrate Judge Regarding Plaintiff's Motion for Attorney's Fees," filed on November 19, 2008; Eads's "Original Response to Defendant's Objection to [the] Report and Recommendation Regarding Plaintiff's Motion for Attorney's Fees," filed on November 27, 2008; W&A's "Response to Plaintiff's Objection to [the] Report and Recommendation of [the] Magistrate Judge as to Plaintiff's Motion

for Attorney Fees," filed on December 1, 2008; and Eads's "Reply to Defendant's Response to his Objection to [the] Report and Recommendation of [the] Magistrate Judge Regarding Plaintiff's Motion for Attorney's Fees," filed on December 12, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that it should adopt the R&R and grant in part and deny in part Eads's Motion for an Award of Costs and Attorney's Fees.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On May 7, 2008, Eads informed the Court that he had accepted a Rule 68 Offer of Judgment for $2,500 from W&A. Docket Nos. 43, 49. The Rule 68 Offer of Judgment contained a provision that W&A would pay Eads "reasonable attorney's fees as determined by the Court."[1] Docket No. 43.

As such, on June 16, 2008, within fourteen days of the Court's entry of final judgment, Eads filed his "Original Motion for an Award of Costs and Attorney Fees." Docket No. 51. However, because Eads's motion did not include a certificate of conference as required by Local Rule CV-7(i)(1),[2] the Court denied Eads's motion without prejudice and "*require[d]* that [Eads] comply with Local Rule CV-7(i)(1)." Docket No. 55 (emphasis added). On August 26, 2008,

---

[1] W&A, a law firm practicing in the field of consumer debt collection, attempted to collect a debt against Eads in the 34th District Court of El Paso County, Texas. Pl.'s First Am. Compl. ¶¶ 5, 10. In response, Eads primarily contended that the debt W&A attempted to collect "[was] the result of identity theft." *Id.* ¶ 10. Despite allegedly knowing that Eads's debt resulted from identity theft, W&A nevertheless continued to seek collection in state court. *Id.* ¶ 7. In light of W&A's debt collection practice, Eads filed his Original Complaint in this Court on June 26, 2007, arguing that W&A violated various state and federal consumer laws. Pl.'s First Am. Compl. ¶¶ 15-30. Because the parties reached a settlement agreement in this case, the Court entered final judgment in this matter on June 3, 2008. Docket No. 49.

[2] Local Court Rule CV-7(i)(1) requires "[c]ounsel for the parties [to] meet and confer for the purpose of resolving all disputed issues relating to attorney's fees prior to making [an] application. The application shall certify that such a conference has occurred."

2

Eads complied with Local Rule CV-7(i)(1) and filed an amended motion for costs and attorney's fees. Docket No. 56.

On September 7, 2008, the Court referred Eads's motion for costs and attorney's fees to United States Magistrate Judge Richard P. Mesa pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Docket No. 59. On November 3, 2008, the Magistrate Judge entered his R&R, recommending that the Court award Eads $405 in costs and $15,893 in attorney's fees. R&R 1, 21. After the Magistrate Judge issued his R&R, both W&A and Eads filed timely objections. Docket Nos. 75, 78. However, for the reasons discussed below, the Court overrules their objections and adopts the Magistrate Judge's R&R.

## II.   LEGAL STANDARD

  *A.* *District Court's Review of a Magistrate Judge's Report and Recommendation*

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court, on its own motion, may refer a pending matter to a United States Magistrate Judge for the preparation of a Report and Recommendation. Any party may contest the Report and Recommendation by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The objections must specifically identify those findings or recommendations which the party wishes to have the district court consider. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

A district court must then make a de novo determination with respect to the challenged portions of the Report and Recommendation, which it may accept, reject, or modify, in whole or in

part. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections to the Report and Recommendation within ten days, except for plain error, shall bar that party from de novo review by a district court. *Douglas v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Since Eads and W&A timely filed their objections, the Court will review the challenged portions of the Magistrate Judge's Report and Recommendation de novo.

## III.   ANALYSIS

### A.   R&R's Findings

In his review of Eads's motion, the Magistrate Judge first found that Eads timely filed his motion for costs and attorney's fees. R&R 5. After determining that Eads timely filed his amended motion, the Magistrate Judge then proceeded to calculate Eads's application for costs and attorney's fees. *Id.* at 6-21. To determine reasonable attorney's fees, the Magistrate Judge incorporated the twelve-factored *Johnson* test[3] and adopted the lodestar method of computation.

---

[3]As explained by the Fifth Circuit, the calculation of attorney's fees involves a well-established process:

> First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted; in making such an adjustment, the court looks to twelve factors . . . (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Jason D.W. ex rel. Douglas v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208-09 (5th Cir. 1998) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

*Id.* at 6. After thoroughly reviewing Eads's time records, the Magistrate Judge deducted the billable hours that he deemed excessive, duplicative, and vague. *Id.* at 9-13.

Additionally, although Eads sought an hourly billing rate of $250, the Magistrate Judge reduced the rate to $220. *Id.* at 14-15. In reaching that conclusion, the Magistrate Judge reviewed the State Bar of Texas *Hourly Rates in 2005 Report*, which listed various hourly rates for El Paso attorneys. *Id.* Believing that Eads's $250 hourly rate was "on the high side of the market rates in [the El Paso] community," the Magistrate Judge determined that $220 per hour is a reasonable hourly rate in this case. *Id.* at 14.

Finally, after making the lodestar tabulation, the Magistrate Judge examined the remaining *Johnson* factors to determine whether to adjust Eads's compensation. *Id.* at 15; *see, e.g., Heidtman v. County of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999) (stating that although "there is a strong presumption that the lodestar award is the reasonable fee," courts can increase or decrease the lodestar figure). Because the Magistrate Judge could not conclude that Eads achieved a high degree of success in this case, he reduced the lodestar figure by twenty percent. R&R 17-18; *see, e.g., Jason D.W. ex rel. Douglas*, 158 F.3d at 209 (noting that "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained").

In light of these findings, both Eads and W&A filed timely objections to the Magistrate Judge's R&R. Docket Nos. 75, 78. W&A makes a single objection to the R&R's determination that Eads timely filed his amended motion for attorney's fees. Def.'s Obj. to Mag.'s R&R 2. Conversely, Eads makes three objections to the R&R, including (1) that the Magistrate Judge erred in finding that Eads should not receive any post-judgment fees; (2) that the Magistrate Judge mistakenly reduced the reasonable hourly rate from $250 to $220; and (3) that the Magistrate Judge

5

incorrectly reduced the lodestar amount by twenty percent. Pl.'s Obj. to Mag.'s R&R 3-5. The Court will address these objections in turn.

  B.  *W&A's Objection to the R&R*

    *1.*  *W&A Objects to the Magistrate Judge's Finding that Eads Timely Filed his Amended Motion for Costs and Attorney's Fees*

As previously stated, W&A exclusively objects to the R&R's determination that Eads timely filed his amended motion for attorney's fees. Def.'s Obj. to Mag.'s R&R 2. W&A argues that, when this Court denied Eads's original motion for attorney's fees, the Court "neither authorized nor permitted a later filing." *Id.* at 4. According to W&A, "[u]nder these circumstances, it was incumbent upon [Eads] to move for an enlargement of time under Rule 6 and to bear the burden of establishing excusable neglect for his failure to timely file a motion for fees that complied with Local Rule CV-7(i)(1)." *Id.* The Court disagrees.

Under Rule 54(d)(2)(B)(i), the prevailing party must file an application for attorney's fees "no later than 14 days after the entry of judgment . . . [u]nless a statute or a *court order* provides otherwise."[4] FED. R. CIV. P. 54(d)(2)(B)(i) (emphasis added). In the instant case, the Court expressly authorized Eads to file his motion for attorney's fees in conformity with Rule 54(d)(2)(B)(i) past the fourteen-day deadline. On June 16, 2008, within fourteen days of the

---

[4]To recover attorney's fees, a party must (1) request attorney's fees in its pleadings and (2) file a timely motion under Rule 54 of the Federal Rules of Civil Procedure. *Romaguera v. Gegenheimer*, 162 F.2d 893, 895 (5th Cir. 1998) (per curiam). To be timely, a party must file and serve a motion for attorney's fees no later than fourteen days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B). The failure to file a timely application under this rule serves as a waiver of the claim for attorney's fees, *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996), absent circumstances that justify a departure from the rule, *Romaguera*, 162 F.2d at 896.

Court's entry of final judgment, Eads filed his "Original Motion for an Award of Costs and Attorney Fees." Docket No. 51. Because Eads's motion lacked a certificate of conference as required by Local Rule CV-7(i)(1), the Court denied the motion *without prejudice*. Docket No. 55. Indeed, in denying Eads's original motion without prejudice, the Court, in a footnote, expressly "*require[d]* that [Eads] comply with Local Rule CV-7(i)(1)." *Id.* (emphasis added).

As such, on August 26, 2008, in response to the Court's order requiring Eads to abide by Local Rule CV-7(i)(1), Eads "amended" the instant Motion for costs by attaching a certificate of conference. Docket No. 56. Because Eads complied with this Court's order, the Court overrules W&A's objection and concludes that Eads timely filed his amended motion for attorney's fees pursuant to Rule 54(d)(2)(B)(i).

 C. *Eads's Objections to the R&R*

  1. *Eads Objects to the Magistrate Judge's Recommendation that he Should not Receive Post-Judgment Fees*

In his first objection to the R&R, Eads argues that the Magistrate Judge mistakenly found that the Court should not award him post-judgment fees. Pl.'s Obj. to Mag.'s R&R ¶¶ 1-4. In particular, Eads contends that the Magistrate Judge made this recommendation because, in the Magistrate Judge's view, the "language of the Rule 68 offer of judgment and the judgment itself do not *affirmatively* [allow] such a recovery." *Id.* ¶ 1 (emphasis in original).

Yet, contrary to Eads's contention, the Magistrate Judge did find that he should recover post-judgment fees. Specifically, the Magistrate Judge recommended that Eads should recover 13.7 hours in post-judgment fees incurred for the work done on his original fee motion. *Id.* at 12. Therefore, in light of the Magistrate Judge's finding, the Court overrules Eads's objection and

concludes that Eads should recover 13.7 hours in post-judgment fees.[5]

> 2. *Eads Objects to the Magistrate Judge's Reduction of the Reasonable Hourly Rate from $250 to $220*

Eads next argues that the Magistrate Judge mistakenly reduced the reasonable hourly rate from $250 to $220. Pl.'s Obj. to Mag.'s R&R ¶ 5. In support of his argument, Eads suggests that the Magistrate Judge went outside of the evidentiary record and sua sponte conducted research to discover evidence of the prevailing hourly rate in the El Paso community.[6] *Id.* ¶ 6. According to Eads, not only did the Magistrate Judge go outside the evidentiary record, he also failed to determine what the reasonable hourly rate is for consumer-related cases in this locality. *Id.* ¶¶ 7-8.

In support of his claim that the prevailing hourly rate in this community is $250, Eads attached an affidavit from Richard Tomlinson, a Houston-based lawyer, who charges $250 an hour in consumer-related cases. However, because Mr. Tomlinson is a Houston-based lawyer, the Court finds that his hourly billing rate is not indicative of the prevailing market rate in El Paso. "A reasonable hourly rate is determined with reference to the prevailing market rate in the *relevant legal community* for similar work. . . ." *Newby v. Enron Corp.*, 586 F. Supp. 2d 732, 754 (S.D.

---

[5]The Court writes separately to acknowledge a contradiction in the Magistrate Judge's R&R. Originally, the Magistrate Judge recommended that the Court should reject Eads's claim for post-judgment fees because the settlement terms of the Rule 68 Offer of Judgment did not explicitly reference post-judgment fees. R&R 7. However, despite recommending that the Court should reject Eads's application for post-judgment fees, the Magistrate Judge later recommended that Eads recover 13.7 hours in post-judgment fees incurred for work performed on Eads's original fee motion. *Id.* at 12. Despite this contradiction, the Court finds, contrary to Eads's contention, that the Magistrate Judge did ultimately allow Eads to recover post-judgment fees.

[6]In making his determination that $220 is the prevailing market rate in El Paso, the Magistrate Judge relied on the State Bar of Texas's *Hourly Rates in 2005 Report*, a "publicly available survey," and *Mike B. ex rel. A.B. v. El Paso Independent School District*, 2005 WL 2089173, at *5 (W.D. Tex. Aug. 25, 2005), a recent decision from the Western District of Texas that found that $220 is the prevailing hourly rate in El Paso.

8

Tex. 2008) (quoting *Coleman v. Houston Indep. Sch. Dist.*, 202 F.2d 264 (5th Cir. 1999)) (emphasis added). "The relevant legal community is the one in which the district court sits, no matter how much of the work is done elsewhere." *Id.* (citing *Green v. Adm'r of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)).

In the instant case, because the Court sits in El Paso, the Court finds that Eads's attached affidavit is insufficient to prove that the prevailing hourly rate in El Paso for consumer-related cases is $250.[7] Since Eads has failed to bring forth satisfactory evidence on the prevailing hourly rate in El Paso, the Court finds that the Magistrate Judge properly ventured outside the evidentiary record to support his finding that $220 is the prevailing hourly rate in this case. Accordingly, the Court overrules Eads's objection and adopts the Magistrate Judge's R&R on this point.

    3.    *Eads Objects to the Magistrate Judge's Twenty-Percent Reduction of the Lodestar Amount*

Eads final objection to the R&R concerns the Magistrate Judge's twenty-percent reduction of the lodestar amount. Pl.'s Obj. to Mag.'s R&R ¶ 10. In reducing the lodestar amount, the Magistrate Judge examined the remaining *Johnson* factors and ultimately concluded that he "[was] unable to determine from the dollar amount of the judgment . . . whether [Eads obtained] a significant recovery [in this case]." R&R 17. Similarly, the Magistrate Judge could not ascertain the "legal significance [that] this case would have on future cases." Pl.'s Obj. to Mag.'s R&R ¶ 10.

---

[7] According to the U.S. Supreme Court, "[t]o inform and assist the [C]ourt in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those *prevailing in the community* for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (emphasis added).

Because of this uncertainty, the Magistrate Judge reduced the lodestar figure by twenty percent.

In response, Eads argues that he had a significant recovery in this case because his $2,500 settlement award amounted to "250% of the maximum possible statutory recovery allowed under the FDCPA." *Id.* Along those lines, Eads further denounced the twenty-percent lodestar reduction because certain issues in this case, which W&A did not contest, were of first impression. *Id.* ¶ 11. In response, W&A argues that the Magistrate Judge's lodestar reduction was proper because Eads's "damage recovery of $2,500 was a mere 2.7% of the $89,500[] demand [that Eads] made three (3) weeks before the offer of judgment was tendered and accepted." Def.'s Resp. to Pl.'s Obj. to Mag.'s R&R 4. The Court agrees.

Under the *Johnson* framework, "[t]he most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)). Where "a plaintiff," as here, "has achieved only partial or limited success, the [lodestar figure] may be an excessive amount." *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Indeed, in determining whether the lodestar figure is excessive, courts must give "adequate consideration to the result obtained in the case . . . relative to the result sought." *Id.*

Here, as W&A stated earlier, Eads sought $89,500 in damages, but merely recovered $2,500—which amounts to 2.7% of Eads's original demand.[8] Def.'s Resp. to Pl.'s Obj. to Mag.'s

---

[8]Additionally, although Eads ultimately prevailed, the Court eventually dismissed Eads's DTPA claim because he lacked standing to bring the claim. Docket No. 39.

R&R 4. Accordingly, in light of Eads's limited success in this case, the Court finds that the Magistrate Judge's reduction is appropriate.[9]

## IV. CONCLUSION

Based on the foregoing, the Court overrules the parties's objections and completely adopts the Magistrate Judge's R&R. Primarily, the Court finds that Eads timely filed his amended motion for costs and attorney's fees pursuant to Rule 54(d)(2)(B)(i). Additionally, the Court finds (1) that Eads should recover 13.7 hours in post-judgment fees, (2) that $220 is the prevailing hourly rate in this case, and (3) that the twenty-percent lodestar reduction is proper given Eads's limited success.

Accordingly, **IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **APPROVED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff John W. Eads's "First-Amended Motion for an Award of Costs and Attorney Fees" (Docket No. 56) is **GRANTED IN PART AND DENIED IN PART**.

SIGNED this 9th day of March, 2009.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[9]Furthermore, not only did Eads achieve limited success, the recommended attorney's fee award in this case is almost *six and one-half times* the amount of damages awarded to Eads. R&R 21. *See Migis*, 135 F.3d at 1048 (finding that district court abused its discretion in awarding an attorney's fee award that was *over* six and one-half times the amount of damages awarded to the attorney's client). Here, the Magistrate Judge recommended an attorney's fee award of $15,893 (including the twenty-percent lodestar reduction) whereas Eads, in this case, merely recovered $2,500. *Id.* Without the twenty-percent lodestar reduction, Eads's attorney's fees would climb to $19,866, almost *eight* times the amount of damages awarded to Eads. As such, in the light of the Fifth Circuit's holding in *Migis* and Eads's limited success in this case, the Court finds that the Magistrate Judge properly reduced the lodestar amount by twenty percent.